UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VALDEZ BERNAL, <br><br> Petitioner, <br><br> v. <br><br> MICHELLE CHERTOFF, Secretary of the Department of Homeland Security, et al. <br><br> Respondents. | Civil No. 06CV2184 JAH (POR) <br><br> **ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS** <br><br> [Doc. No. 12] |

Now pending before this Court is Petitioner Juan Carlos Valdez Bernal ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court DENIES the petition in its entirety.

## BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States in February 1968. On August 8, 2001, Petitioner was convicted in the San Diego County Superior Court of possession of heroin under Cal. Health and Safety Code § 11350(a), and was sentenced to 5 years in custody. Resp., Exh. at 1-2. On April 15, 2005, the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"), took custody of Petitioner and placed him in removal proceedings, charging him with deportability under 8 U.S.C. § 1227(a)(2)(B)(I). *See* Resp., Exh. at 2. Petitioner was held by DHS under the mandatory detention provisions of 8 U.S.C. § 1226(c)(1)(B).

Petitioner appeared before the immigration judge on April 19, 2005. The immigration judge issued an order on October 6, 2005, specifically finding that the Petitioner admitted all of the allegations against him, but testified that he was the son of a U.S. citizen. Resp., Exh. at 7-19. The immigration judge found that Petitioner was not a United States citizen. Id. at 7-10. The immigration judge also denied Petitioner's application for cancellation of removal under 8 U.S.C. § 1229b(a) and his application for voluntary departure under 8 U.S.C. § 1129c(b). As such, on October 6, 2005, Petitioner was ordered removed to Mexico. Id. at 6, 18. Petitioner appealed to the Board of Immigration Appeals ("BIA") on February 28, 2006, which upheld the immigration judge's decision. Resp., Exh. at 22-23.

On March 13, 2006, Petitioner filed a petition with the Ninth Circuit Court of Appeals for review of the removal decision, and requested a stay of removal pending his appeal. On June 19, 2006 Petitioner's stay motion was granted. Resp., Exh. at 26. Pending the appeal, DHS performed a custody review. On June 27, 2006, DHS issued a decision to continue detention based on a determination that Petitioner failed to prove that he was not a flight risk. Resp., Exh. at 31. DHS accordingly denied Petitioner's release pending a decision on his appeal. Id. On October 20, 2006, Petitioner requested an extension of time to file his appellate brief from October 30, 2006 to December 15, 2006. Resp., Exh. at 27. The motion was granted. Id.

Petitioner filed the instant habeas petition on October 2, 2006. Doc. No. 1. Respondent filed a return to the petition on March 8, 2007. Doc. No. 8. Petitioner filed a traverse on June 1, 2007. Doc. No. 10. On July 17, 2007, Petitioner submitted a status request.

Petitioner complains of his prolonged detention since March 13, 2006, the date he filed his appeal to the Ninth Circuit. Pending appeal or further order of the Ninth Circuit Court of Appeals, Petitioner's removal is stayed.

## DISCUSSION

Petitioner seeks release from DHS custody arguing that his prolonged detention is not statutorily authorized. *See* Pet. at 2; Trav. at 2. Petitioner further argues that pursuing his judicial appeal in Mexico is far more difficult than pursuing it in the United States which is why he requested to stay his removal proceedings. Respondents, in their return to the petition, contend that Petitioner's detention is lawful. First, there have been no inordinate delays. Second, Petitioner is being voluntarily detained after he sought, and received, a stay of removal pending appeal of his final removal order. Third, Petitioner's claim to United States citizenship or an application for certificate of citizenship can be pursued from Mexico, Petitioner's homeland. Therefore, Respondent argues, Petitioner's habeas petition should be denied.

### I.  Legal Standard

On May 11, 2005, Public Law 109-13 (the "REAL ID Act") was signed into law. Section 106 of the REAL ID Act amends portions of the Immigration and Nationality Act, 8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders by mandating that the exclusive means for review of challenges to a final order of removal, deportation or exclusion is through a petition for review to the appropriate court of appeal. *See* Publ.Law 109-13 § 106(a). Thus, the REAL ID Act only allows the district court to conduct habeas review to an alien's detention based on challenges that are independent of the issues surrounding removal. *See* H.R.Rep. No. 109-72 (2005) ("section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders."). This Court finds it is not precluded from determining whether Petitioner's detention pending his appeal to the Ninth Circuit is lawful because such a determination is independent of a removability challenge.

### II.  Analysis

The Ninth Circuit has determined that an appellant, such as Petitioner, was voluntarily detained when he requested stay of removal pending his appeal of his final removal order. Cruz-Ortiz v. Gonzales, 221 Fed. Appx. 531, 2007 WL 580670 (9th Cir. 2007). Petitioner's case can

be distinguished from the cases he cites in his petition, and his situation is unique in that his continued detention is a result of his own actions. Petitioner sought stay of his removal and now seeks to be released from detention. The relevant cases cited by Petitioner can be readily distinguished here. In Nadaraja v. Gonzales, 443 F.3d 1069, 1071 (9th Cir. 2006), the immigration judge awarded the Sri Lankan national relief and the decision was affirmed by the Board of Immigration Appeals. The national was not charged with a crime and despite having prevailed on every administrative level of review, the government continued to detain him. In another Ninth Circuit case, Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), the alien was detained for two years and eight months during removal proceedings while the courts continued to sort out whether his offenses actually fell within the reach of the mandatory detention statute.

Here, Petitioner's administrative proceeding has been completed. It lasted ten months and was completed over one year ago. Instead, he is awaiting his pending judicial appeal–an appeal that he has chosen to pursue in the United States. Because it was Petitioner's own doing that he is still in detention here, there is no "detention by default" as it was in Tijani. Id. at 1244.

Petitioner further supports his argument citing Zadvydas v. Davis, 533 U.S. 678 (2001), a case which is also readily distinguishable from Petitioner's case. The Court finds that the case of Zadvydas case, is not analogous. In Zadvydas, again, it was the government's own actions that resulted in the failure to deport the alien, id. at 678, whereas in the instant case it is Petitioner's own actions that have resulted in his continued detention, i.e. Petitioner's request to stay removal and request for extensions on his initial brief. Petitioner had the opportunity to bring his suit in Mexico, but instead chose to litigate his case in the United States and now requests that he be released from detention.

This Court undoubtedly recognizes that freedom from government custody lies at the heart of individual liberty, id. at 690, and that immigrants, as well as citizens, are protected by the Due Process Clause. However, the Court also finds that Petitioner has not been deprived

of individual liberty in the instant case where he chose to stay his removal proceedings. The argument raised by Petitioner that it is more difficult to litigate his case from Mexico than in the United States does not mitigate the fact that Petitioner has nevertheless voluntarily chosen to be detained in a country while pursuing appeal. Accordingly, following the Ninth Circuit decision in <u>Cruz-Ortiz</u>, this Court finds that Petitioner's detention is voluntary.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the instant petition for writ of habeas corpus regarding Petitioner's release is **DENIED**.

DATED: August 22, 2007

HON. JOHN A. HOUSTON
United States District Judge